IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**HORACE COOK,**

                      **Petitioner,**

          v.                                      CASE NO. 20-3115-JWL

**CLAUDE MAYE,**

                      **Respondent.**

### MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner, a prisoner in federal custody, proceeds pro se. He challenges his designation as a career offender and seeks resentencing. The Court has screened the petition under Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, and dismisses the petition without prejudice for lack of statutory jurisdiction.

### Background

In December 2012, petitioner was convicted in the U.S. District Court for the Southern District of Florida on his guilty plea to one count of Hobbs Act robbery in violation of 18 U.S.C. §1951. He waived appeal and later sought relief under 28 U.S.C. § 2255. *U.S. v. Cook*, 2015 WL 1969093 (S.D. Fla. Apr. 30, 2015).

Petitioner now invokes the savings clause of § 2255(e), arguing that § 2255 is inadequate or ineffective to test the legality of his sentence.

### Discussion

The Court first considers whether § 2241 is the appropriate remedy to present petitioner's claim that his sentence was improperly

enhanced.

A federal prisoner seeking relief from allegedly unlawful confinement may file a motion to "vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A motion under § 2255 must be filed in the district where a petitioner was convicted and the sentence imposed. *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010). Generally, the motion remedy under § 2255 provides "the only means to challenge the validity of a federal conviction following the conclusion of direct appeal." *Hale v. Fox*, 829 F.3d 1162, 1165 (10th Cir. 2016), *cert. denied sub nom. Hale v. Julian*, 137 S. Ct. 641 (2017). However, under the "savings clause" of § 2255(e), a federal prisoner may file a petition for habeas corpus in the district of confinement under § 2241 by showing that the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

Petitioner seeks relief on the ground that the predicate offenses of robbery supporting the career offender enhancement were not properly designated as violent crimes.

The leading case in the Tenth Circuit governing the application of the savings clause is *Prost v. Anderson*, 636 F.3d 578 (10th Cir. 2011). In *Prost*, the Tenth Circuit held that the petitioner was free to present his argument in his initial motion under § 2255, despite contrary circuit precedent. The Tenth Circuit explained that "it is the infirmity of the § 2255 remedy itself, not the failure to use it or to prevail under it, that is determinative. To invoke the savings clause, there must be something about the initial § 2255 procedure that *itself* is inadequate or ineffective for *testing* a challenge to detention." *Prost*, 636 F.3d at 589. The Tenth Circuit noted that Prost

was free to raise his argument in his initial § 2255 motion, and the fact that his argument might have been foreclosed by erroneous circuit precedent was not enough to allow the application of the savings clause. *Id*. at 590. "The savings clause doesn't guarantee results, only process," and "the possibility of an erroneous result – the denial of relief that should have been granted – does not render the procedural mechanism Congress provided for bringing that claim (whether it be 28 U.S.C. §§ 1331, 1332, 2201, 2255, or otherwise) an inadequate or ineffective *remedial vehicle* for *testing* its merits within the plain meaning of the savings clause." *Id*.

The petitioner has the burden of showing that the remedy under § 2255 is inadequate or ineffective. *Hale*, 829 F.3d at 1179. Petitioner has not met that burden. *Compare Sandlain v. English*, 2017 WL 4479370 at *3 (10th Cir. Oct. 5, 2017) ("[E]ven assuming there was contrary circuit precedent, nothing prevented him from raising the argument in his initial § 2255 motion and then challenging any contrary precedent via en banc or certiorari review.").

If the remedy under § 2255 could be deemed "inadequate or ineffective" "any time a petitioner is barred from raising a meritorious second or successive challenge to his conviction – subsection (h)[1] would become a nullity, a 'meaningless gesture.'" *Prost*, 636 F.3d at 586; *see also Hale*, 829 F.3d at 1174 ("Because Mr. Hale cannot satisfy § 2255(h), he cannot, under *Prost*, satisfy § 2255(e), and § 2241 review must be denied.").

---

[1] 28 U.S.C. § 2255(h) provides that:
(h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Petitioner also appears to claim that § 2255 is inadequate or ineffective because he is actually innocent, not of his underlying crime, but of his career offender sentencing enhancement. However, a petitioner can only establish actual innocence "by bringing forward new exculpatory evidence," and the "[p]ossible misuse of a prior conviction as a predicate offense under the sentencing guidelines does not demonstrate actual innocence." *Sandlain*, 2017 WL 4470370, at *4 (citing *Hale*, 829 F.3d at 1171).

The Court concludes that the savings clause of § 2255(e) does not apply and therefore this matter must be dismissed for lack of statutory jurisdiction.

IT IS, THEREFORE, BY THE COURT ORDERED the petition is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 30th day of April, 2020, at Kansas City, Kansas.


S/ John W. Lungstrum

JOHN W. LUNGSTRUM
U.S. District Judge